UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL DWIGHT GRAY,

          Plaintiff,

    v.

PIERCE, et al.,

          Defendants.

No.  2:15-cv-0762 KJN P

ORDER

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 18, 2015, the undersigned ordered the original complaint served on defendants Berg, Jackson, Martin, Millsap, Palagummi, Pierce and Zaragoza.  (ECF No. 28.)  On July 7, 2015, plaintiff filed a motion to amend and a proposed first amended complaint.  (ECF No. 33.)

On September 1, 2015, defendants filed a request for clarification.  (ECF No. 36.)  In this request, defendants request that the court issue an order clarifying the claims on which this action is proceeding.

Plaintiff's amended complaint supersedes the original complaint.  See Fed. R. Civ. P. 15(a).  Accordingly, plaintiff's motion to amend is granted and defendants' request for clarification of the original complaint is denied.  However, the undersigned herein screens the amended complaint.

1

1      The amended complaint names the same defendants as named in the original complaint,

2 although plaintiff clarifies the names of defendants Pierce and Berg as defendants Price and

3 Lieberg.  Plaintiff alleges that he was forced to drink contaminated water at the Deuel Vocational

4 Institution ("DVI"), which made plaintiff sick and caused liver damage.  Plaintiff alleges that

5 defendant Palagummi denied his administrative appeal requesting a medical transfer based on the

6 allegedly contaminated water.  Plaintiff alleges that defendant Zaragoza promised to have

7 plaintiff transferred away from DVI if he would agree to drop his administrative appeal.  Plaintiff

8 dropped his appeal but was not transferred away from DVI.

9      Plaintiff alleges that he wrote defendant Price a letter "explaining my problem."  Plaintiff

10 alleges that in response, defendant Martin informed plaintiff that, "I am just waiting for

11 endorsement from the CSR...that's who endorse you to a mainline prison."  Plaintiff then wrote to

12 defendant Lieberg.  In response, defendant Lieberg informed plaintiff that he would remain at

13 DVI for four more months.

14      Plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment rights.

15      Plaintiff's amended complaint states a potentially colorable Eighth Amendment claim for

16 relief against defendants Palagummi and Zaragoza based on their alleged failure to transfer

17 plaintiff away from DVI and the allegedly contaminated water.

18      Plaintiff alleges that he then brought "his problem" to the attention of defendants Price,

19 Martin and Lieberg.  However, plaintiff does not identify the problem he brought to the attention

20 of these defendants.  Attached as an exhibit to plaintiff's amended complaint is a grievance filed

21 by plaintiff alleging that he should not be housed at DVI because it is a reception center.  (ECF

22 No. 33-1 at 13.)  Defendant Lieberg responded to this grievance by informing plaintiff that once

23 his "RC" was processed, plaintiff would be transferred to a mainline.  (Id.)  This grievance does

24 not mention the allegedly contaminated water.  Also attached as an exhibit is a memorandum

25 addressed to plaintiff from defendant Martin.  (Id. at 12.)  In this memorandum, defendant Martin

26 addresses plaintiff's request to be transferred to a mainline institution.  (Id.)  This memorandum

27 also does not mention the allegedly contaminated water.

28 ////

1    For the reasons discussed above, the undersigned cannot determine the grounds of

2  plaintiff's claims against defendants Price, Martin and Lieberg.  Plaintiff pleads no facts

3  demonstrating that these defendants had knowledge of his exposure to the allegedly contaminated

4  water.  Accordingly, plaintiff's claims against these defendants are dismissed with leave to file a

5  second amended complaint.

6    The amended complaint contains no allegations against defendants Jackson and Millsap.

7  The Civil Rights Act under which this action was filed provides as follows:

8    Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
9    deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
10   law, suit in equity, or other proper proceeding for redress.

11 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13 Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

14 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

15 affirmative link between the incidents of police misconduct and the adoption of any plan or policy

16 demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

17 to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

18 affirmative act, participates in another's affirmative acts or omits to perform an act which he is

19 legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

20 588 F.2d 740, 743 (9th Cir. 1978).

21    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

22 their employees under a theory of respondeat superior and, therefore, when a named defendant

23 holds a supervisorial position, the causal link between him and the claimed constitutional

24 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

25 (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

26 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

27 denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

28 official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

3

1   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

2   participation is insufficient).

3       Because plaintiff has failed to link defendants Jackson and Millsap to the alleged

4   deprivations, the claims against these defendants are dismissed with leave to amend.

5       Finally, the undersigned observes that plaintiff's amended complaint alleges that

6   defendants violated his rights under the Fourteenth Amendment.  The grounds of plaintiff's

7   Fourteenth Amendment claims are not clear.  However, it appears that plaintiff may be claiming

8   that defendants violated his right to due process, under the Fourteenth Amendment, by failing to

9   properly process his administrative appeals.  "[A prison] grievance procedure is a procedural right

10  only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d

11  494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982)).  A

12  prisoner does not have a claim of entitlement to a grievance procedure.  Mann v. Adams, 855

13  F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

14  Accordingly, plaintiff's Fourteenth Amendment claims are dismissed.

15      In conclusion, plaintiff's amended complaint is dismissed but for the Eighth Amendment

16  claims against defendants Palagummi and Zaragoza.  Plaintiff is granted thirty days to file a

17  second amended complaint.  If plaintiff files a second amended complaint, plaintiff is informed

18  that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint

19  complete.  Local Rule 220 requires that an amended complaint be complete in itself without

20  reference to any prior pleading.  This requirement exists because, as a general rule, an amended

21  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

22  Once plaintiff files a second amended complaint, the first amended complaint no longer serves

23  any function in the case.  Therefore, in an amended complaint, each claim and the involvement of

24  each defendant must be sufficiently alleged.

25      Accordingly, IT IS HEREBY ORDERED that:

26      1.  Plaintiff's motion to amend (ECF No. 33) is granted;

27      2.  Defendants' request for clarification (ECF No. 36) is denied;

28  ////

4

1       3.  Plaintiff's amended complaint is dismissed but for the Eighth Amendment claims

2   against defendants Palagummi and Zaragoza; plaintiff is granted thirty days to file a second

3   amended complaint; if plaintiff files a second amended complaint, defendants shall not file a

4   response until ordered by the court; if plaintiff does not file a second amended complaint,

5   defendants Palagummi and Zaragoza shall file a response to the amended complaint within forty-

6   five days of the date of this order.

7   Dated:  September 24, 2015

8

9                                                   KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE
10

11  Gr762.scr

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28